JUSTICE NELSON
dissenting.
I concur with the Court’s discussion on Issue 1 and dissent from our discussion on Issue 2.1 agree that the clause at issue is unartfully drafted. However, I also believe that the Buyers performed their obligations under a reasonable construction of the contract’s inspection contingency language.
While we have determined that the language of the inspection clause is uncertain and ambiguous, we fail to acknowledge a qualifying legal rule that derives from the fact that, here, the Sellers drafted the contract, including the offending provision, and, thus, caused the uncertainty and ambiguity of which they now seek to take advantage. *283 That rule provides that in cases of uncertainty in the contract language, that language should be most strongly interpreted against the party who caused the uncertainty to exist. Section 28-3-206, MCA. The cases upholding that principle are numerous, but see, for example: St. Paul Fire & Marine Ins. Co. v. Cumiskey (1983), 204 Mont. 350, 665 P.2d 223, and Shanahan v. Universal Tavern Corp. (1978), 179 Mont. 36, 585 P.2d 1314. That rule is especially appropriate where, as here, the party responsible for drafting the provision at issue seeks to interpret his or her language so as to defeat the contract. 17A. Am.Jur. 2d Contracts, § 348.
Applying those principles in the instant case where there are no material facts in dispute and the issue is simply one of interpreting contract language, leads to exactly the conclusion arrived at by the District Court.
Accordingly, I would affirm.